UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| ROBERT W. AVERY, | ) | |
| | ) | |
| PLAINTIFF, | ) | CASE NO.   5:18-cv-05075 |
| | ) | |
| v. | ) | |
| | ) | |
| TURN KEY HEALTH CLINICS, LLC, ET. AL. | ) | HON. P.K. HOLMES, III |
| | ) | |
| DEFENDANTS | ) | HON. ERIN L. WIEDEMANN |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

INTERROGATORIES AND REQUESTS FOR PRODUCTION
PROPOUNDED TO PLAINTIFF ON BEHALF OF
SEPARATE DEFENDANT, TRINITY SERVICES GROUP, INC.

Comes Separate Defendant, Trinity Services Group, Inc. ("Trinity"), by and through its

attorneys, Bassett Law Firm LLP, and propound the following written discovery upon Plaintiff,

Robert W. Avery, to be answered under oath, within thirty (30) days of service thereof. Legible

handwritten responses will be acceptable.

**INTERROGATORY NO. 1**:          Please state the name of the person(s) providing the

information responsive to these Interrogatories and for each person state:

(a)    full name, age and address; *AVERY RoberT W.*

(b)    ADC Inmate Number (if applicable); *652373*

(c)    Social Security number; and *Objection*

(d)    any other name by which the person has ever been known. *NONE*

**RESPONSE TO INTERROGATORY NO. 1:**

EXHIBIT
7

**INTERROGATORY NO. 2:**    Please state whether you have ever been party to a lawsuit, whether domestic, civil, criminal and/or an administrative proceeding. If so, please state the following:

    (a)    the style of the lawsuit, including the name of the court and docket number;

    (b)    the date the lawsuit or proceeding was filed;

    (c)    the subject matter of the lawsuit; and

    (d)    the ultimate disposition of the case.

**RESPONSE TO INTERROGATORY NO. 2:**

*Objection unlikely To provide Relevant of information*

**INTERROGATORY NO. 3:**    Please state and itemize the amount of all special damages (medical bills or other money damages for which you have been or will be billed) sought by you as a result of the actions alleged in the Complaint and Amended Complaint against Trinity, including, but not limited to, doctor bills, hospital bills, drug bills, and all others.

**RESPONSE TO INTERROGATORY NO. 3:**

*[handwritten, illegible] ??? *

**INTERROGATORY NO. 4:**    Please state whether you have seen any physicians, counselors, psychiatrists, psychologists, or other medical care providers for any reason that you attribute to the incident(s) involving Trinity and described in your Complaint and Amended

Complaint.  If your answer is yes, please provide a complete description of each visit, date of each visit, name and location of the medical care provider seen, and any records in support of each visit.

**RESPONSE TO INTERROGATORY NO. 4:**

*objection*

**REQUEST FOR PRODUCTION NO. 1:**  Please produce all documentary or other physical evidence in your possession that documents your visits with any physicians, counselors, psychiatrist, psychologists or other medical care providers for any reason that you attribute to any incident involving Trinity and described in your Complaint and Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

*Discovery incomplete*

**REQUEST FOR PRODUCTION NO 2:**  Please produce all documentary or other physical evidence, including medical records, in your possession which supports your allegation in your Amended Complaint that you "lost 30 pounds in less than a month 290 on 3/13/18, 3-12-18 – 275, 260-4-4-18."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

*Correction
wt on 3/12/18 was 263
wt on 4/16/18 was 216
Lost 47 lb in 35 days*

3

**REQUEST FOR PRODUCTION NO 3:**   Please produce all documentary or other physical evidence, including medical records, in your possession that supports your allegations in your Amended Complaint that you "suffered hunger pains, weight loss, muscle deterioration, mental anguish [and] emotional trauma as a result of being retaliated against and denied proper nutrition for a vegetarian/vegan diet."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

*See Medical files*

**INTERROGATORY NO. 5:**   Please state the name, address and telephone number of each and every individual known to you who has personal knowledge of any facts which support the allegations of:

  (a)   constitutional violations by Trinity;

  (b)   allowing trustees to "play with" your food;

  (c)   retaliation for filing grievances; and

  (b)   damages suffered by you.

**RESPONSE TO INTERROGATORY NO. 5:**

*Detainees Housed in D-153 BCDC*

4

INTERROGATORY NO. 6:        Please state the name, address and telephone number of each and every individual who you intend to call as a lay witness at the trial of this matter for the claims against Trinity.

RESPONSE TO INTERROGATORY NO. 6:

*All WITNESSES ARE INCARCERATEd*

INTERROGATORY NO. 7:        Please state the name, address and telephone number of any individual who will be called as an expert witness on your behalf at trial for the claims against Trinity.

RESPONSE TO INTERROGATORY NO. 7:

*N/A*

INTERROGATORY NO. 8:        For each expert witness identified in response to the previous interrogatory, please state the following:

(a)        their education, licenses and certificates, and career history (or, in the alternative, attach a copy of their most recent *curriculum vitae*);

(b)        the date, title and subject matter of all of their publications or other medical or professional articles whether published or unpublished (or, in the alternative, attach a copy of their most recent list of publications and other writings);

*N/A*

(c)      whether the expert has ever been sought to be qualified as an expert in any prior judicial or administrative proceeding, and, if so, please state the name of the case, the name of the court, and the subject matter of any such proceeding;

(d)      whether the expert has ever testified as an expert, whether orally or in writing (including depositions), in any judicial proceeding, and if so, please state the name of the case, the name of the court, and the subject matter of the proceeding; and

(e)      a copy of any invoices submitted by said expert to you or your lawyer.

**RESPONSE TO INTERROGATORY NO. 8:**

*N/A*

**INTERROGATORY NO. 9**: Please state and list by page, author and publisher of all literature to be relied upon by any expert witness testifying on your behalf in the presentation of your case against Trinity in this matter.

**RESPONSE TO INTERROGATORY NO. 9:**

*Discovery incomplete*

**INTERROGATORY NO. 10:**      With respect to the allegations against Trinity contained in the Complaint and Amended Complaint, and any expert witnesses anticipated to be called in support thereof, please state the following:

(a)      the subject matter on which they are expected to testify;

*N/A*

6

(b)      the substance of the facts and opinions to which they are expected to testify, and a summary of the grounds for each opinion so described;

(c)      the identity of all documents that have been provided to them or that they have received in connection with their expected testimony;

(d)      the identity of all reports, schedules, photographs, charts, diagrams, work papers, or other documents they have prepared or that they have been prepared for them in connection with this proceeding, and attach copies of all such documents to your answers; and

(e)      the date and subject matter of all communications that they have had with any party to this action (including Plaintiff), the identity of the party with whom they have communicated and the identity of all documents relating to such communications.

RESPONSE TO INTERROGATORY NO. 10:

*UNKNOWN @ THIS Time*

INTERROGATORY NO. 11:      Please list and describe each and every chart, graph, document, exhibit and/or any type of physical or tangible evidence which will be displayed or introduced at trial for claims against Trinity, and for each such item, please state the name and address of the person or company in possession of that item.

RESPONSE TO INTERROGATORY NO. 11:

*Discovery incomplete*

7

**REQUEST FOR PRODUCTION NO. 4:**         Please produce all documentary or other physical evidence in your possession which supports or is referenced in your response to the preceding Interrogatory.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

*See Above*

**INTERROGATORY NO. 12:**         Please identify all of the correctional facilities where you have been incarcerated, including the periods of incarceration for each facility, and the crime for which you have been incarcerated each time.

**RESPONSE TO INTERROGATORY NO. 12:**

*Objection unlikely To Produce Evidence*

**INTERROGATORY NO. 13:**  Please provide the inmate number for you during each of your incarceration(s).

**RESPONSE TO INTERROGATORY NO. 13:**

*Same As Above*

**INTERROGATORY NO. 14:**         Please identify and describe in detail every communication the plaintiff or any authorized representative or agent of the plaintiff has had with

*Via Kiosh @ B.C.D.C.*
*Through Lt. Holt B.C.P.C.*

8

any person concerning any fact or circumstance relating to any allegation against Trinity in the plaintiff's Complaint or Amended Complaint. With respect to each such communication identified, please state:

(a)   The date and place of each such communication;

(b)   The name, telephone number, address, and occupation, if available, of the person making each such communication;

(c)   The name, telephone number, address and occupation, if available, of the person to whom each such communication was made;

(d)   The name, telephone number, address, and occupation, if available, of any person(s), not identified in response to sub-paragraph "c," present when each such communication was made; and,

(e)   Whether each such statement was oral, written, or recorded.

**RESPONSE TO INTERROGATORY NO. 14:**

_Via BCDC Kiosk_

**REQUEST FOR PRODUCTION NO. 5:**   If a statement listed in the preceding Interrogatory is in writing, please attach a copy to your Answers to Interrogatories and Responses to Requests for Production of Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

_Overly burdensome as Defendant is in possession of kiosk items_

**INTERROGATORY NO. 15:**       With respect to your allegation in your Amended Complaint that Trinity "allowed trustees to play with food creating inedible meals," please state:

(a)     Separately, and describe fully, every fact and item of evidence upon which you rely to support this contention;

(b)     The specific problem with the edibility of the meals served caused by the trustees "play[ing] with food;"

(c)     The specific actions of the trustees equating to "play[ing] with food;"

(d)     The name, telephone number, address, and occupation, if available, of each person whom you claim has knowledge to support your contention; and,

(e)     The identity of each document and other tangible item that supports this contention and the name, address, and telephone number of each person who has possession or custody of each such document or item.

**RESPONSE TO INTERROGATORY NO. 15:**

*Addressed @ deposition*


**REQUEST FOR PRODUCTION NO. 6:**    Please produce a copy of each document, data compilation, tangible item, and other evidentiary material identified in your response to the preceding Interrogatory.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

*Same As Above*

**INTERROGATORY NO. 16:**    With respect to your allegation in your Amended Complaint that you were given "small portions in retaliation for [your] grievances," please state:

(a)    Separately, and describe fully, every fact and item of evidence upon which you rely to support this contention;

(b)    The specific problem with the size of the portions of the meals;

(c)    The name, telephone number, address, and occupation, if available, of each person whom you claim has knowledge to support this contention; and,

(d)    The identity of each document and other tangible item that supports this contention and the name, address, and telephone number of each person who has possession or custody of each such document or item.

**RESPONSE TO INTERROGATORY NO. 16:**

SAME AS ABOVE

**REQUEST FOR PRODUCTION NO. 7:**    Please produce a copy of each document, data compilation, tangible item, and other evidentiary material identified in your response to the preceding Interrogatory.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

OVERly burdensome
Addressed @ deposition

<u>INTERROGATORY NO. 17:</u>    With respect to your allegation in your Amended Complaint that "all trays are the same [regardless of gender or weight of the prisoner being served]," please state:

    (a)    Separately, and describe fully, every fact and item of evidence upon which you rely to support this contention;

    (b)    The name, telephone number, address, and occupation, if available, of each person whom you claim has knowledge to support this contention; and,

    (c)    The identity of each document and other tangible item that supports this contention and the name, address, and telephone number of each person who has possession or custody of each such document or item.

<u>RESPONSE TO INTERROGATORY NO. 17:</u>

daily Eye witness Accounts
Statements by Defendants

<u>REQUEST FOR PRODUCTION NO. 8:</u>    Please produce a copy of each document, data compilation, tangible item, and other evidentiary material identified in your response to the preceding Interrogatory.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 8:</u>

N/A

INTERROGATORY NO. 18:        With respect to your allegation in your Amended Complaint that "my vegetarian/vegan diet tray has been used as a means by/through which the kitchen can retaliate for me filing grievances," please state:

(a)   Separately, and describe fully, every fact and item of evidence, including dates of alleged violations, upon which you rely to support this contention;

(b)   The name, telephone number, address, and occupation, if available, of each person whom you claim has knowledge to support this contention; and,

(c)   The identity of each document and other tangible item that supports this contention and the name, address, and telephone number of each person who has possession or custody of each such document or item.

RESPONSE TO INTERROGATORY NO. 18:

*Addressed during deposition*

REQUEST FOR PRODUCTION NO. 9:   Please produce a copy of each document, data compilation, tangible item, and other evidentiary material identified in your response to the preceding Interrogatory.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

*Same As Above*

**INTERROGATORY NO. 19:**   With respect to your allegation in your Amended Complaint that "I have been served "rubber bean patty smiley faces," "cold bean sandwiches" and small portions as retaliation," please state:

(a)   Separately, and describe fully, every fact and item of evidence, including dates of alleged violations, upon which you rely to support this contention;

(b)   The name, telephone number, address, and occupation, if available, of each person whom you claim has knowledge to support this contention; and,

(c)   The identity of each document and other tangible item that supports this contention and the name, address, and telephone number of each person who has possession or custody of each such document or item.

**RESPONSE TO INTERROGATORY NO. 19:**

AddRessed @ Deposition

**REQUEST FOR PRODUCTION NO. 10:**   Please produce a copy of each document, data compilation, tangible item, and other evidentiary material identified in your response to the preceding Interrogatory.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

SAME AS ABOVE

INTERROGATORY NO. 20:        With respect to your allegation in your Amended Complaint that "inmates act as dieticians putting what food they want to on my tray because no dietician is employed by Trinity Food Service," please state:

    (a)    Separately, and describe fully, every fact and item of evidence, including dates of alleged violations, upon which you rely to support this contention;

    (b)    The name, telephone number, address, and occupation, if available, of each person whom you claim has knowledge to support this contention; and,

    (c)    The identity of each document and other tangible item that supports this contention and the name, address, and telephone number of each person who has possession or custody of each such document or item.

**RESPONSE TO INTERROGATORY NO. 20:**

SAME AS ABOVE

**REQUEST FOR PRODUCTION NO. 11:** Please produce a copy of each document, data compilation, tangible item, and other evidentiary material identified in your response to the preceding Interrogatory.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

SAME AS ABOVE

15

INTERROGATORY NO. 21:    With respect to your allegation in your Amended Complaint that "I was given beans and rice, breakfast, lunch and dinner as retaliation for 9 days straight," please state:

    (a)    Separately, and describe fully, every fact and item of evidence, including dates of alleged violations, upon which you rely to support this contention;

    (b)    The name, telephone number, address, and occupation, if available, of each person whom you claim has knowledge to support this contention; and,

    (c)    The identity of each document and other tangible item that supports this contention and the name, address, and telephone number of each person who has possession or custody of each such document or item.

**RESPONSE TO INTERROGATORY NO. 21:**

SAME AS Above

**REQUEST FOR PRODUCTION NO. 12:**  Please produce a copy of each document, data compilation, tangible item, and other evidentiary material identified in your response to the preceding Interrogatory.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

SAME AS Above

16

INTERROGATORY NO. 22:     With respect to your allegation in your Amended Complaint that "I'm being subject (sic) to substandard food as a deterrent for other detainees who may want my type of diet tray," please state:

(a)   Separately, and describe fully, every fact and item of evidence upon which you rely to support this contention;

(b)   The specifics of how you contend the food is substandard;

(c)   The specifics of how the food is being used as a deterrent for other detaineees;

(d)   The name, telephone number, address, and occupation, if available, of each person whom you claim has knowledge to support your contention; and,

(e)   The identity of each document and other tangible item that supports this contention and the name, address, and telephone number of each person who has possession or custody of each such document or item.

RESPONSE TO INTERROGATORY NO. 22:

Same as Above (S.A.A.)


REQUEST FOR PRODUCTION NO. 13:   Please produce a copy of each document, data compilation, tangible item, and other evidentiary material identified in your response to the preceding Interrogatory.

RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

(S.A.A.)

INTERROGATORY NO. 23:  Please identify your religion and the specifics of how it dictates your requirement to be served fresh fruit and vegetables.

RESPONSE TO INTERROGATORY NO. 23:

*Sincerly Held Religious Belief Pursuant To Biblical Teachings*

REQUEST FOR PRODUCTION NO. 14: Please produce all documentary or other physical evidence in your possession which supports your religious beliefs as indicated in your response to the preceding Interrogatory.

RESPONSE TO REQUEST FOR PRODUCTION NO. 14

*See, Holy Bible*

REQUEST FOR PRODUCTION NO. 15:        Please produce all documentary or other physical evidence in your possession that would demonstrate that you had been approved to receive a specific religious diet.

RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

*Addressed @ deposition*

18

**REQUEST FOR PRODUCTION NO. 16:**     Please produce all documentary or other physical evidence in your possession that would demonstrate that you had been approved to receive a specific medical diet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

*SAME AS ABOVE*

**INTERROGATORY NO. 24:**     List any documents (reports, written statements, etc.) in Plaintiff's possession that relate to the claims against Trinity in this case.

**RESPONSE TO INTERROGATORY NO. 24:**

*SAME AS ABOVE*

**REQUEST FOR PRODUCTION NO. 17:** Please produce all documentary or other physical evidence in your possession which is referenced in your response to the preceding Interrogatory.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

*SAME AS ABOVE*

**INTERROGATORY NO. 25:** Were any oral or written statements made by any jail personnel that would be to plaintiff's benefit in this case? If so, who made each statement and when?

**RESPONSE TO INTERROGATORY NO. 25:**

*SAME AS ABOVE*

**REQUEST FOR PRODUCTION NO. 18**: Please produce all documentary or other physical evidence in your possession which supports or is referenced in your response to the preceding Interrogatory.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

**INTERROGATORY NO. 26**:       Please list all dates when you were served food by Trinity that you contend was insufficient in quality, content or portion size and state whether you filed any grievances relating to such insufficient food service.

**RESPONSE TO INTERROGATORY NO. 26:**

**REQUEST FOR PRODUCTION NO. 19**:       Please produce all documentary or other physical evidence in your possession that supports or is referenced in your response to the preceding Interrogatory.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

INTERROGATORY NO. 27:       Please describe each and every element of damages

which you allege you are entitled to recover due to the events alleged against Trinity in the Complaint

and Amended Complaint.  For each such element, provide the description and the dollar amount you

believe you are entitled to recover.

RESPONSE TO INTERROGATORY NO. 27:

*Sent A Settlement offer*

REQUEST FOR PRODUCTION NO. 20:  Please produce any reports provided to you by

expert witnesses.

RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

*N/A*

REQUEST FOR PRODUCTION NO. 21:       Please   produce   a   copy   of   the

*curriculum vitae* (resume) of any expert witness you expect to testify at trial on behalf of Plaintiff in

support of the claims against Trinity.

RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

*N/A*

INTERROGATORY NO. 28:  Pursuant to the spirit of Rule 26(e) of the Federal Rules of

Civil Procedure, you are asked to treat the foregoing Interrogatories and Requests for Production as

continuing; accordingly, please furnish to counsel for Separate Defendant any additional information received by you or coming to your attention subsequent to the date of your answers to these Interrogatories and Requests for Production if said additional information would modify or supplement your answers. You are asked to furnish such additional information as soon as practicable after your receipt thereof, and within a reasonable time prior to the assigned trial date so as to permit appropriate discovery procedures. Will you do so without court order?

**RESPONSE TO INTERROGATORY NO. 28:**

YES

Respectfully submitted,

**TRINITY SERVICES GROUP, INC.**

By: _____
Scott E. Wray (AR Bar #96170)
Grace K. Johnson (AR Bar #09203)
BASSETT LAW FIRM LLP
221 N. College Avenue
P. O. Box 3618
Fayetteville, AR  72702
Phone: (479) 521-9996
Fax:    (479) 521-9600
swray@bassettlawfirm.com
gjohnson@bassettlawfirm.com

*Attorneys for Separate Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served this 15th day of January, 2019 via United States mail, postage prepaid, upon the following:

Robert W. Avery, ID# 652373
*Pro Se* Litigant
(PTF) Hawkins Unit for Men
P.O. Box 1010
Wrightsville, AR 72183-1000

Benjamin D. Jackson, Esq.
Mitchell, Williams, Selig, Gates & Woodyard, PLLC
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72202

JaNan Arnold Davis, Esq.
Association of Arkansas Counties
Risk Management Services
1415 West Third Street
Little Rock, AR 72201

Scott E. Wray